# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DOUGLAS DAVID BLESCH,

        Defendant-Appellee.

UNPUBLISHED
September 24, 2015

No. 314646
Barry Circuit Court
LC No. 12-000123-FH

Before: METER, P.J., and O'CONNELL and SHAPIRO, JJ.

O'CONNELL, J. (*concurring in part and dissenting in part*).

I concur with the majority opinion that defendant failed to present prima facie evidence of each element of a § 8 affirmative defense[1] under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*. I conclude that, as a result, defendant is not entitled to raise a § 8 defense at trial, and further proceedings are not required.

In *People v Hartwick*, ___ Mich ___; ___ NW2d ___ (2015) (Docket Nos. 148444; 148971), slip op at 31, the Michigan Supreme Court held:

> Additionally, if a defendant has not presented prima facie evidence of each element of § 8 by "present[ing] evidence from which a reasonable jury could conclude that the defendant satisfied the elements of the § 8 affirmative defense, . . . then the circuit court must deny the motion to dismiss the charges," and "the defendant is not permitted to present the § 8 defense to the jury." [Citing *People v Kolanek*, 491 Mich 382, 416; 817 NW2d 528 (2012).]

The Supreme Court's analysis did not change the basic § 8 analysis. A primary caregiver or a patient must provide prima facie evidence of all § 8(a) elements for him- or herself and for the registered qualifying patients to which he or she is connected under the MMMA in order to use the § 8 defense at trial. Since defendant did not establish prima facie evidence of each element of the MMMA § 8 defense at his evidentiary hearing, he is not entitled to raise the affirmative defense under § 8 of the MMMA at trial.

---

[1] Specifically, defendant failed to present evidence under § 8(a)(1) for four patients.

-1-

I would reverse the decision of the trial court and remand for further proceedings.

/s/ Peter D. O'Connell